UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL MAROM; NAOMI MAROM,

                Petitioners,

           -against-

TOWN OF GREENBURGH; FRANK
MORABITO, BUILDING INSPECTOR; EDYE
McCARTHY, ASSESSOR,

                Respondents.

23-CV-0232 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner Michael Marom, who is appearing *pro se*, brings this petition for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651, on behalf of himself and Naomi Marom. Petitioner seeks to compel Respondents to issue a building permit to him for a property located in the Town of Greenburgh in Westchester County, New York. Petitioner paid the filing fees to initiate this action. For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Petitioner Michael Marom, who resides in North Carolina, brings this petition on behalf of himself and Naomi Marom, asking the Court to issue a writ of mandamus directing Respondents to give him a building permit for a property located at 201 South Healy Avenue in Greenburgh, New York. Petitioner also seeks to vacate the assessment of property taxes on this property. Named as respondents are the Town of Greenburgh; Frank Morabito, Greenburgh's Building Inspector; and Edye McCarthy, Greenburgh's Tax Assessor.

The following information is taken from the complaint. On or about September 2010, Petitioner applied for and received a building permit to construct a single-family home on the property located in Greenburgh, New York, which was then a vacant parcel of land. After he obtained the building permit, a zoning dispute arose between Petitioner and his next door neighbor concerning a driveway.[1] In late 2011, after most of the house under construction on the property had been completed, Greenburgh's Zoning Board ("ZBA") realized that a mistake had been made on a variance and rescinded the building permit. In the Spring 2021, Petitioner

---

[1] A search of publicly available records reveals that the zoning dispute between Petitioner and his next door neighbor, Mark Gordon, has generated numerous lawsuits in federal and state courts over the last decade, including four actions in this court. *See Marom v. Town of Greenburgh*, No. 20-CV-3486 (PMH), 2022 WL 17584279 (S.D.N.Y. Dec. 12, 2022); *Marom v. Pierot*, No. 18-CV-12094 (VB) (JCM), 2020 WL 6565199 (S.D.N.Y. Nov. 9, 2020); *Marom v. Town of Greenburgh*, No. 18-CV-7637 (JCM), 2020 WL 4891339 (S.D.N.Y. Aug. 19, 2020); *Marom v. Town of Greenburgh*, No. 13-CV-04733 (NSR), 2017 WL 1064682 (S.D.N.Y. Mar. 20, 2017), *aff'd*, 722 F. App'x 32 (2d Cir. 2018); *Pierot v. Marom*, No. 55705/2012 (Sup. Ct., Westchester Cty.); *Marom v. Gordon*, No. 66441/2012 (Sup. Ct., Westchester Cty.); *Marom v. Gordon*, No. 52518/2013 (Sup. Ct., Westchester Cty.); and *Marom v. Gordon*, No. 56798/2013 (Sup. Ct., Westchester Cty.).

appealed to the ZBA, but his appeal was denied. After that decision, McCarthy adjusted the property tax on the property to reflect that the value was about $1000. Petitioner then filed an Article 78 proceeding in the Westchester County Supreme Court, which found the ZBA's decision "arbitrary and capricious," and directed the ZBA to grant a new easement. (ECF 1 ¶ 17.) The new easement was granted in the Summer of 2013, and Petitioner's building permit was restored. Although there was a "stop work order" in effect, Petitioner continued to renew the building permit. (*Id*.)

In early 2017, the Town of Greenburgh filed a "slew of building violations" against Petitioner, in part relating to the storage of building materials at the construction site. (*Id*. ¶ 18.) When Petitioner indicated that he had a valid building permit, "the Town moved to rescind the building permit to strengthen their position in the Town's Court for the upcoming trial." (*Id*.) On March 31, 2017, Petitioner submitted an application to renew the building permit, but the application was ignored. Because of Greenburgh's "arbitrary and capricious" failure to issue a current building permit "without sound reason or basis," the partially built structure on the property has fallen into disrepair. (*Id*. ¶¶ 21-22.) Petitioner claims that "[t]here was no rational basis to rescind the building permit and let the structure decay." (*Id*. ¶ 24.)

In late 2014 or early 2015, Petitioner tried to settle the tax bill on the property. Since that time, he has not received a tax bill for the property and does not know what the tax liability is. Petitioner asserts that "McCarthy's imposition of a property tax and assessment, as if the [p]remises are fully improved by a one-family house with a certificate of occupancy, is arbitrary and capricious without sound reason or basis." (*Id*. ¶ 23.)

Petitioner brings this petition asserting that, "not permitting [him] a building permit serves to deprive [him] of the use of the [p]remises property and is, in effect a taking," in

violation of his constitutional rights. (*Id*. ¶ 26.) He claims that Respondents have refused to perform their duties under state law, and he seeks a writ of mandamus to compel them to renew his building permit and to vacate McCarthy's assessment of property tax on the property.

### Discussion

**A.     Claims on behalf of Naomi Marom**

Petitioner Michael Marom styles this action as a petition for a writ of mandamus on behalf of himself and Naomi Marom, who has not signed the petition. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'") (citations omitted). As Petitioner Michael Marom does not allege that he is an attorney, he cannot bring claims on behalf of Naomi Marom. The Court therefore construes this action as asserting claims solely on behalf of Michael Marom, the only person who signed the petition, and dismisses without prejudice all claims asserted on behalf of Naomi Marom. All references to Petitioner in this order are to Michael Marom.

**B.     Writ of Mandamus**

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, the language in Section 1651, "'in aid of their respective jurisdictions,' does not empower a district court to create jurisdiction where . . . none exists." *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998) (quoting Section 1651). A district court "may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.*

The Mandamus Act does provide district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. While the Mandamus Act confers jurisdiction over actions concerning officers or employees of the United States, it does not provide jurisdiction over actions concerning state or local officials. It is well-settled that "federal courts have no general power to compel action by state officials" and, when a plaintiff "expressly [seeks] relief in the nature of mandamus," a federal court lacks jurisdiction to grant such relief. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *see Marom v. Town of Greenburgh*, No. 20-CV-03486 (PMH), 2021 WL 797648, at *4 (S.D.N.Y. Mar. 2, 2021) (the Mandamus Act "does not confer jurisdiction over state or local officials"); *Davila v. Johnson*, No. 15-CV-2665 (AJN) (JCF), 2015 WL 8968357, at *5 (S.D.N.Y. Dec. 15, 2015) ("a federal court cannot issue a writ of mandamus ordering a city official to act"); *Lebron v. Armstrong*, 289 F. Supp. 2d 56, 58 (D. Conn. 2003) ("By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty."). Thus, a federal court has no authority by way of mandamus to address an action or omission of local officials as Petitioner seeks here.

Accordingly, this Court has no mandamus jurisdiction of the Town of Greenburgh or its officials and, therefore, lacks authority to compel the action Petitioner requests. The Court denies the petition and dismisses this action for lack of jurisdiction.

C.  **Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Petitioner's complaint cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his complaint.

## CONCLUSION

The Court dismisses without prejudice all claims asserted on behalf of Naomi Marom. The Court denies the petition for a writ of mandamus for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   March 9, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge